IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ELDERCARE HOME HEALTH AND | § | CASE NO. 04-71101 |
| HOSPICE, | § | (CHAPTER 11) |
| | § | |
| DEBTOR. | § | |

**MEMORANDUM OPINION AND ORDER ON
MOTION FOR ALLOWANCE OF FEES AND EXPENSES
BY ACCORD CAPITAL CORPORATION**

On this day came on for consideration Accord Capital Corporation's Motion for Allowance of Fees and Expenses (the "Motion"). The Court, having heard the evidence and arguments of counsel, finds that the Motion should be denied.

## BACKGROUND

The Debtor filed this Chapter 11 case on November 23, 2004. No Committee of Unsecured Creditors was appointed in this case. The Debtor filed its first Disclosure Statement on June 14, 2005. The Debtor filed its first Plan on June 15, 2005. Debtor filed its Second Amended Plan and Disclosure Statement on February 2, 2006. Accord Capital Corporation ("Accord") entered the case by purchasing the claims of four unsecured creditors. Accord filed its Objection to Disclosure Statement and Proposed Order ("Accord's Objection") on March 6, 2006. Accord's Objection indicated that Accord Capital intended to propose a plan that would distribute more than 10% to the general unsecured creditors. Accord filed its own plan of reorganization on March 24, 2006. ("Accord's Plan"). Accord's Plan proposed that it acquire the Debtor's business and pay general unsecured creditors, including itself, 100% of their claims within two months of confirmation.

1

On April 10, 2006, the court declined to confirm the Debtor's plan as proposed. Instead, the Court ordered the Debtor and Accord to submit new disclosure statements setting up both of their plans and allowing interested parties to vote for the plan they preferred. The Debtors filed their Third Amended Chapter 11 Plan on June 1, 2006 (the "Third Amended Plan"). The Third Amended Plan provided for the payment in full of all liquidated general unsecured claims. Both the Third Amended Plan and Accord's Plan were submitted to creditors for balloting in June 2006. On September 13, 2006, the Court confirmed the Debtor's Third Amended Chapter 11 Plan.

## DISCUSSION

Accord Capital seeks reimbursement for attorneys' fees and expenses in this case pursuant to 11 U.S.C. § 503(b)(3)(D). This section provides that compensable administrative expenses include "the actual, necessary expenses…incurred by…a creditor…in making a substantial contribution in a case under Chapter 9 or 11 of this title." 11 U.S.C. § 503(b)(3)(D). "The substantial-contribution inquiry is a factual one." *Matter of Consolidated Bancshares, Inc.* 785 F.2d 1249, 1253 (5th Cir. 1986); *In re American Plumbing & Mechanical, Inc.,* 327 B.R. 273, 279 (Bankr.W.D. Tex. 2005). "The burden of proof is on the movant or applicant in establishing their entitlement to an award under 11 U.S.C. § 503(b) and they must demonstrate by a preponderance of the evidence that a substantial contribution was made." *In re Buttes Gas & Oil Co.,* 112 B.R. 191, 193 (Bankr. S.D. Tex. 1989).

The Bankruptcy Code does not define "substantial contribution." However, the Fifth Circuit defines the term as "a contribution that is *considerable* in amount, value, or worth." *Matter of DP Partners Ltd. Partnership*, 106 F.3d 667, 673 (5th Cir. 1997), *cert.*

*denied* 522 U.S. 815 (1997) (quoting *Webster's Third New International Dictionary* 2280 (4th Ed., 1976) (emphasis added)). As the Fifth Circuit's use of the adjective "considerable" indicates, the term "substantial" is aimed at accommodating the section's twin goals of "encouraging meaningful participation in the reorganization process," while "keeping fees and administrative expenses at a minimum so as to preserve as much of the estate as possible for the creditors." *Lebron v. Mechem Financial Inc.* 27 F.3d 937, 944 (3rd Cir. 1994). The section "should not become a vehicle for reimbursing every creditor who elects to hire an attorney." *In re Jack Winter Apparel, Inc.*, 119 B.R. 629, 637 (E.D.Wis. 1990). This concern leads courts to narrowly construe the substantial contribution statute granting applications in only unusual or rare circumstances. *In re American Plumbing and Mechanical, Inc.*, 327 B.R. 273, 279 (W.D. Tex. 2005) (*citing In re Randall's Island Family Golf Centers, Inc.*, 300 B.R. 590, 598 (Bankr. S.D.N.Y. 2003)("rare"); *In re 9085 E. Mineral Office Bldg., Ltd.*, 119 B.R. 246, 250 (Bankr.D.Colo.1990) ("unusual").

The Fifth Circuit explained that services that constitute a "substantial contribution" are generally those that "foster and enhance, rather than retard or interrupt the progress of reorganization." *DP Partners,* 106 F.3d at 672. While the Fifth Circuit declined to develop a more concrete standard, it did create a baseline cost-benefit analysis for the "substantial contribution" determination: "At a minimum, however, the court should weigh the cost of the claimed fees and expenses against the benefits conferred upon the estate which flow directly from those actions. Benefits flowing to only a portion of the estate or to a limited class of creditors are necessarily diminished in weight" *Id.* at 673. The bankruptcy court for the Southern District of Texas has also

3

discussed certain factors that may aid a court in determining "substantial contribution" including: "(1) whether the services were rendered solely to benefit the client or to benefit all the parties to the case; (2) whether the services provided a direct, significant, and demonstrable benefit to the estate; and (3) whether the services were duplicative of services rendered by attorneys [for other parties]." *In re Buttes Gas & Oil Co.,* 112 B.R. at 194). Expected, routine, or duplicative activities do not constitute a substantial contribution to the estate. *In re Buttes Gas & Oil Co.,* 112 B.R. at 195; *In re General Homes Corp. FGMC, Inc.* 143 B.R. at 99,103 (Bankr.S.D.Tex.1992); *In re American Plumbing and Mech., Inc.,* 327 B.R. at 283.

Accord entered this case for its own pecuniary gain. Accord was a speculative investor seeking first and foremost the acquisition of the Debtor. As a secondary benefit, it obtained an increase in the value of the claims it obtained. However, there is no evidence that the increase in the pay out to unsecured creditors bears any causal relationship to the services of Accord's attorneys. Even if Accord's participation resulted in confirmation of a plan which paid more to unsecured creditors than Debtor's original plan, the bankruptcy code contemplates competing plans and contains no provision for an administrative claim to the losing party when more than one plan is proposed. Moreover, there is no evidence that the services of Accord's counsel caused an increase in payments or an improvement in terms previously offered by the Debtor.

Accords services did not contribute a "direct, significant, and demonstrable benefit to the estate." *In re Buttes Gas & Oil Co.,* 112 B.R. at 194. Accord failed to prove they made a substantial contribution to the reorganization.

4

## **CONCLUSION**

For the foregoing reasons, the Court finds that Accord Capital's Motion for Allowance of Fees and Expenses should be denied.

It is therefore ORDERED that Accord Capital Corporation's Motion for Allowance of Fees and Expense is hereby DENIED.

At Corpus Christi, Texas on this 14 day of February, 2007.

Richard S. Schmidt
UNITED STATES BANKRUPTCY JUDGE